IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT III,

      Plaintiff,

vs.                                                         No. CIV 10-0338 JB/WPL

STATE OF NEW MEXICO, EX REL.,
CITY OF LAS CRUCES, ON BEHALF OF
LAS CRUCES POLICE DEPARTMENT,
TODD FROATS, JOHN DOE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Alree Sweat III's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 9, 2010 (Doc. 1).  Sweat is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons below, the Court will dismiss certain of Sweat's claims.

      The Court has the discretion to dismiss entirely or in part an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B). See Gandy v. Ortiz, 122 F. App'x 421 (10th Cir. 2005)(affirming the district court's dismissal of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) in part and reversing in part after finding that the district court erred in dismissing the plaintiff's First Amendment retaliation claim, but did not err in dismissing the plaintiff's due process claim); Hill v. Lappin, No. 09-5575, 2010 WL 5288892, at *1 (6th Cir. Dec. 28, 2010)(stating that 28 U.S.C. § 1915(e)(2) provides "that the court must dismiss any portion of the complaint that [(i)] fails to state a claim upon which relief can be granted, or [(ii)]

is frivolous"); Kendall v. Acer, Inc., No. CV09-305-S-EJL, 2010 WL 797182, at *2 (D. Idaho Mar. 4, 2010)(stating that, under 28 U.S.C. § 1915(e)(2), a court "must dismiss the Complaint entirely or in part if it: [(i)] is frivolous or malicious; [or (ii)] fails to state a claim upon which relief can be granted"); Sanchez v. Curtis, No. 09-cv-02410-BNB, 2009 WL 3924964, at *1 (D. Colo. Nov. 18, 2009)("For the reasons stated below, the Court will dismiss the Complaint in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."). As federal courts have recognized, "the statutory grant of a greater power typically includes the grant of a lesser power." O'Connell v. Shalala, 79 F.3d 170, 177 (1st Cir. 1996). See United States v. O'Neil, 11 F.3d 292, 296 (1st Cir. 1993)("The principle that the grant of a greater power includes the grant of a lesser power is a bit of common sense that has been recognized in virtually every legal code from time immemorial."). The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Sweat's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint asserts claims for violations of Sweat's rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. In addition to the individual Defendants, the Complaint also names the State of New Mexico and the City of Las Cruces. Sweat alleges that he was driving his car when the two Defendant police officers stopped him and conducted an unreasonable search of the car. He further alleges that the Defendants unreasonably seized and took possession of his car, causing him to lose his job and become depressed. Sweat also alleges that his

detention was discriminatory and continued after he should have been released.  The Defendants did not arrest or confine Sweat.  For relief, the Complaint asks for return of Sweat's car and damages.

Sweat's allegations do not support claims against Defendant State of New Mexico.  The state is not a "person" for purposes of 42 U.S.C. § 1983.  See Florez v. Johnson, 63 F. App'x 432, 435 (10th Cir. 2003)(citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  Furthermore, because Sweat was not serving a sentence at the time of the incident, his allegations do not state a claim of cruel or unusual punishment under the Eighth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).  The Court will dismiss Sweat's claims against the State of New Mexico and his claim under the Eighth Amendment.  The Court will allow Sweat a reasonable time to identify the Doe Defendant.

**IT IS ORDERED** that: (i) Plaintiff Alree B. Sweat III's claims against Defendant State of New Mexico and his claim under the Eighth Amendment are dismissed, and Defendant State of New Mexico is dismissed as a party to this action; and (ii) the Clerk is directed to issue notice and waiver of service forms, with a copy of the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 9, 2010 (Doc. 1), for Defendant Todd Froats; and to issue summons, with a copy of the complaint, for Defendant City of Las Cruces.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Alree B. Sweat III
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

*Plaintiff pro se*