IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

    Plaintiff,

v.                                                                                                  CV 10-0338 JB/WPL

CITY OF LAS CRUCES, ON BEHALF OF
LAS CRUCES POLICE DEPARTMENT,
TODD FROATS, and JOHN DOE,

    Defendants.

**ORDER GRANTING MOTION FOR EXTENSION OF TIME**

Plaintiff Alree B. Sweat, III has filed a motion for an extension of time. (Doc. 13.) On January 14, 2011, Judge Browning ordered that Sweat would have a reasonable time to identify the John Doe defendant. (Doc. 12 at 3.) In his motion, Sweat requests that the deadline for determining the John Doe defendant named in his complaint be extended to sixty days because of his parole hearing and the possibility that he will be released. (Doc. 13 at 1.) The Defendants have not filed a response to this motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Under the Federal Rules of Civil Procedure, a plaintiff has 120 days from the date that the complaint is filed to serve each defendant. FED. R. CIV. P. 4(m). When a plaintiff is proceeding *in forma pauperis*, however, service is not effected until the court orders that process be served. *See* 28 U.S.C. § 1915(d). Here, the Court ordered service of process on January 14, 2011. (Doc. 12.) I find that it is reasonable to allow Sweat 120 days from the date that service was ordered to

identify and request that process be served on the John Doe defendant.  Thus, Sweat will have until **May 16, 2011** to identify and request that service be ordered for the John Doe defendant.

      IT IS SO ORDERED.

                                                      William P. Lynch
                                                      United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.      2