IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

      Plaintiff,

v.                                               CV 10-0338 JB/WPL

CITY OF LAS CRUCES, ON BEHALF OF
LAS CRUCES POLICE DEPARTMENT,
TODD FROATS, and JOHN DOE,

      Defendants.

**ORDER GRANTING MOTION TO STAY DISCOVERY**

The Defendants have filed a Motion to Stay Discovery based on the pendency of their Motion for Summary Judgment (Docs. 14 & 15). (Doc. 16.) In their Motion for Summary Judgment, the Defendants claim that the individual police officer defendants are entitled to summary judgment because (1) the officers did not violate the Plaintiff's Fourth Amendment rights and (2) the Fourth Amendment right that the Plaintiff alleges was violated was not clearly established when the officers acted. (Doc. 15 at 6.) The Defendants claim that the City of Las Cruces is also entitled to summary judgment because the Plaintiff cannot establish that there was a constitutional violation and has not alleged that inadequate training or supervision was the cause of the violation. (*Id.* at 15.)

Qualified immunity is "an entitlement not to . . . face the . . . burdens of litigation," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). One of the burdens of litigation is broad-reaching discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17 (1982). Discovery in cases brought by incarcerated persons under 42 U.S.C. § 1983 typically proceeds by a court-ordered *Martinez* report, which is used by the Court to evaluate the factual and legal bases of the Plaintiff's claims. *See Hall v. Bellmon*,

1

935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). However, I will not order a *Martinez* report until there is a ruling on the Defendants' Motion for Summary Judgment, and I find that staying any other proceedings in the case during the pendency of the Motion is appropriate.

The Plaintiff is advised that he has the right to respond to the Defendants' Motion for Summary Judgment. Based on his incarcerated status, I will allow the Plaintiff until **March 25, 2011** to file a response with the Court. The Defendants may file a reply, which will be due **April 11, 2011**.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

2