IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

    Plaintiff,

v.                                                                                       No. CIV 10-0338 JB/WPL

CITY OF LAS CRUCES, State of New
Mexico, on behalf of Las Cruces
Police Department, TODD FROATS,
and LANDIS HARTRANFT,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 23, 2011 (Doc. 33)("PFRD"); and (ii) the Plaintiff's Response to the Proposed Findings and Recommended Disposition, filed June 7, 2011 (Doc. 34). Since filing his objections, Sweat also filed a Motion for Leave to File an Amended Complaint, filed June 27, 2011 (Doc. 35)("Motion to Amend").

In his motion requesting leave to file an amended complaint, Plaintiff Alree B. Sweat, III merely restates his version of the facts and reiterates his objections to the Proposed Findings and Recommended Disposition. See Motion to Amend at 1-9. He begins the motion by stating that he is moving for leave to amend his complaint, but the motion does not include a proposed amended complaint, as D.N.M. LR-Civ. 15.1 requires. See D.N.M. LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."). His conclusion, which requests that the Court "reverse Proposed Findings and Recommended Disposition and remand case to trial or grant Plaintiff Summary Judgment," also suggests that the document is more of an objection than a motion

for leave to amend. Motion to Amend at 9. Although the Court must "freely give leave" to amend a pleading, Fed. R. Civ. P. 15(a)(2), this pleading, fairly and reasonably construed, constitutes a second set of objections rather than a motion to amend a complaint. Therefore, the Court will deny the motion.

In his objections to the Proposed Findings and Recommended Disposition, Sweat makes three arguments. First, he contends that the Honorable William P. Lynch, United States Magistrate Judge, erred in finding that Defendants Todd Froats and Landis Hartranft were entitled to qualified immunity. See PFRD at 1-3. He asserts that his rights, secured by the Fourth, Fifth and Fourteenth Amendments, were clearly violated when the Defendants assumed that another individual was the driver of his vehicle and seized his vehicle, which had been parked in a residential lot and locked. See PFRD at 2-3. Second, he contends that his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed April 9, 2010 (Doc. 1), was timely. See PFRD at 3. Third, he argues that the Court should grant him leave to amend his Complaint as to his claims brought under 42 U.S.C. § 1985(3). See PFRD at 4.

After conducting a *de novo* review, the Court finds these objections to be without merit. Judge Lynch correctly considered the facts that Sweat raised in his first argument. The timeliness of Sweat's Complaint was not at issue. Finally, Sweat has never raised a claim under 42 U.S.C. § 1985(3).

**IT IS ORDERED** that: (i) Plaintiff Alree B. Sweat III's Motion for Leave to File an Amended Complaint (Doc. 35) is denied; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted as an order of the Court; (iii) Sweat's motion for summary judgment (Doc. 24) is denied; (iv) the Defendants' motion for summary judgment (Doc. 14) is granted; and (v) this cause is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Alree B. Sweat, III
Las Cruces, New Mexico

    *Plaintiff pro se*

Jared Abrams
Las Cruces City Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Defendants*