**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALREE B. SWEAT, III,

    Plaintiff,

v.                                                    CV 10-0338 JB/WPL

CITY OF LAS CRUCES, State of New
Mexico, ex rel. on behalf of Las Cruces
Police Department, TODD FROATS,
and LANDIS HARTRANFT

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Alree B. Sweat, III's Motion for Leave to File an Amended Complaint (Doc. 38), Memorandum in Support (Doc. 39), and Motion for Order to Correct Rule Error (Doc. 40). I have construed the motion to amend as a motion for reconsideration (Doc. 41), rendering Sweat's motion to correct the rule cited in his motion to amend moot. Having considered the briefs and the relevant law, I recommend that the motion for reconsideration be denied.

Sweat's motion was filed as a motion to amend his complaint. Because a final judgment was already entered and because courts are required to construe the pleadings of *pro se* litigants liberally, *see Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)), I construe this motion as one seeking reconsideration of the judgment. However, though I must make some allowance for a *pro se* litigant's "'failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,' the court cannot take on the

1

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted).

Technically, the Federal Rules of Civil Procedure do not provide for a motion to reconsider, though many litigants and courts use this terminology. Rather, such a motion must be brought as "a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b)." *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Where the motion is brought within twenty-eight days of the entry of final judgment, as it was in this case, the motion is one to alter or amend a judgment. FED. R. CIV. P. 59(e).

A Rule 59(e) motion may be granted where "the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Rev.*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such a motion is normally only granted "to correct manifest errors of law or to present newly discovered evidence." *Smith v. United States*, 561 F.3d 1090, 1097 n.8 (10th Cir. 2009) (quoting *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005)). However, it "cannot be used to 'advance arguments that could have been raised in prior briefing.'" *June v. Union Carbide Corp.*, 577 F.3d 1234, 1247 (10th Cir. 2009) (quoting *Grynberg v. Total, S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008)).

In Sweat's motion for reconsideration, he contends that the officers lacked a reason to detain him and that the seizure of his car was invalid and unconstitutional because the municipal "ordinance does not apply to parked, unoccupied and unoperated vehicles on private property." (*Id.* at 2, 3.) He raises an argument that the forfeiture ordinance is unconstitutional on its face because

it is vague and grants the police unfettered discretion. (*Id.* at 7.) Finally, he argues that the Defendants are not entitled to qualified immunity. (*Id.* at 8-9.) An identical motion, though with a different introduction and conclusion, was presented to the Court prior to the entry of final judgment. (Doc. 35.) The motion was denied because the "pleading, fairly and reasonably construed, constitutes a second set of objections rather than a motion to amend a complaint." (Doc. 36 at 1.)

In a supplement filed one week after the motion to reconsider, Sweat raises a new argument: that he was deprived of his constitutional rights because the officers could not enforce the ordinance on private property without the written consent of the property owner. (Doc. 39 at 1; Doc. 43 at 3-4.) In support, Sweat cites *City of Las Cruces v. Rogers*, 215 P.3d 728 (N.M. 2009), in which the New Mexico Supreme Court held that police could not enforce a municipal ordinance prohibiting driving under the influence of alcohol against an individual who drove while intoxicated on private property without the property owner's written consent to enforce the ordinance. *Id.* at 732.

In this motion, Sweat is clearly attempting to reassert his argument regarding his detention and to revamp his argument regarding the constitutionality of the vehicle forfeiture ordinance by raising a new facial challenge and different reasons why the ordinance was unconstitutional as applied to him. With regard to the argument on his detention, Sweat has cited no misapprehension of facts, his position, or the controlling law that warrants an alteration of the judgment. No error of law or newly discovered evidence exists. The individual officers had reasonable suspicion to stop Sweat, as attested to in Todd Froats' affidavit (*see* Doc. 15 Ex. A), and it does not matter that he was no longer driving at the time the stop was initiated. No constitutional violation occurred, and a motion to alter the judgment is not "an opportunity for a losing party to revamp their case or rehash previously unmeritorious arguments." *Price v. Takata Corp.*, Civ. No. 07-760 JH/WPL (D.N.M.

Aug. 14, 2008), Doc. 113 at 5 (citing *In re Sun Healthcare Group, Inc.*, 14 F.R.D. 671, 673 (D.N.M. 2003)). Sweat's mere disagreement with this Court's prior ruling is insufficient grounds for granting a Rule 59(e) motion.

With respect to Sweat's next arguments related to the forfeiture ordinance, the Proposed Findings and Recommended Disposition ("PFRD"), which was subsequently adopted as an Order of the Court (Doc. 36), addressed the officers' seizure of the car pursuant to the ordinance and found that the officers did not violate clearly established law. (Doc. 33 at 6-8.) The ordinance is not on its face restricted to vehicles stopped while in motion or to vehicles on public roads. *See* LAS CRUCES, N.M., MUNICIPAL CODE §§ 27-6 (2004). To the extent that Sweat seeks an alteration of the judgment against the officers, his argument remains unmeritorious and no relief under Rule 59(e) is available.

Sweat has raised two arguments related to Defendant City of Las Cruces about the validity of the vehicle forfeiture ordinance that were never asserted in his original complaint. The PFRD construed Sweat's argument regarding the ordinance as either an argument that the officers failed to follow the ordinance or that the ordinance was unconstitutional because it does not include an exception for vehicles operated only on private property. (Doc. 33 at 11.) Sweat asserts that his motion to alter the judgment should be granted because the allegations related to the impoundment of the vehicle pursuant to the ordinance "were unclear." (Doc. 43 at 1.) He further argues that he did not raise the argument regarding the enforcement of the ordinance on private property without the property owner's permission because he was incarcerated during much of the litigation and did not have access to the case on point. (Doc. 43 at 4.)

As a first note, Sweat had a number of opportunities to raise these claims prior to the entry of final judgment. He filed his Complaint on April 9, 2010. (Doc. 1.) He then filed a Motion for

4

Summary Judgment (Doc. 24) and a Response to the Defendants' Motion for Summary Judgment (Doc. 27). He filed a Motion to Amend his Complaint over ten months after the commencement of this litigation (Doc. 23), which was granted (Doc. 26). Finally, he had the opportunity to file objections to the PFRD within fourteen days (Doc. 33 at 12), and he did file objections (Doc. 34).

As previously stated, a motion to alter or amend the judgment may not be used to "advance arguments that could have been raised in prior briefing." *Grynberg*, 538 F.3d at 1354 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). While Sweat attempted to assert his argument about vagueness before the entry of final judgment, he failed to even attempt to raise his argument about the consent of the owner of the private property until after a final judgment was entered. Certainly, given that the case cited in support was decided in 2009, this argument could and should have been raised in prior briefing. Sweat's incarceration and *pro se* status do not excuse his failure to raise this argument. See *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)) (holding that ignorance of the law does not excuse a *pro se* litigant's failure to comply with the rules in the context of habeas corpus litigation).

Finally, with respect to Sweat's void-for-vagueness argument regarding the municipal ordinance, no manifest error of law or injustice will occur by denying relief under Rule 59(e). The void-for-vagueness doctrine requires that a statute provide fair notice and guard against arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983). But "[f]acial challenges are strong medicine." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1179 (10th Cir. 2009) (quoting *Ward v. Utah*, 398 F.3d 1239, 1246 (10th Cir. 2005)). Thus, such a challenge is "only appropriate in two circumstances: (1) when a statute threatens to chill constitutionally protected conduct (particularly conduct protected by the First Amendment); or (2) when a plaintiff seeks pre-enforcement review

of a statute because it is incapable of valid application." *Id.* at 1179-80 (citing *United States v. Gaudreau*, 860 F.2d 357, 360-61 (10th Cir. 1988)). The claim here falls under the first prong. I find that no constitutionally protected conduct is chilled by this ordinance, which allows impoundment of vehicles where they are driven by someone who is under the influence of alcohol or whose license is revoked for driving under the influence. Because this claim lacks merit and was not properly brought in the original complaint or subsequent pleadings, Rule 59(e) relief is not available.

For the foregoing reasons, I recommend that Sweat's motion to correct a cited rule (Doc. 40) be denied as moot and that Sweat's motion to amend or alter the judgment (Doc. 38) be denied in its entirety.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.