IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALREE B. SWEAT, III,

      Plaintiff,

vs.                                                          No. CIV 10-0338 JB/WPL

CITY OF LAS CRUCES, State of New
Mexico, ex rel. on behalf of Las Cruces
Police Department, TODD FROATS,
and LANDIS HARTRANFT

      Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 7, 2011 (Doc. 45)("PFRD").  The Honorable William P. Lynch, United States Magistrate Judge, notified the parties that objections were due within fourteen days of service of the PFRD and that, if no objections were filed, no appellate review would be allowed.  See PFRD at 6.  Plaintiff Alree B. Sweat, III did not file objections until October 14, 2011 because he did not receive the PFRD until a few days before.  In addition to his objections, Sweat has filed a Motion for Leave to File an Amended Complaint, filed October 12, 2011 (Doc. 47), and a Motion for Appointment of Counsel, filed October 12, 2011 (Doc. 48).  The Defendants request that the Court overrule the objections, see Response to Motion in Objection to Proposed Findings and Recommended Disposition at 1-2, filed October 18, 2011 (Doc. 50), that the Court deny the motion to appoint counsel, see Response to Motion for Appointment of Counsel at 1-2, filed October 20, 2011 (Doc. 52), and that the Court strike from the record the latest motion to amend the complaint, see Motion to Strike Plaintiff's Motion for Leave to File an Amended Complaint at 1-2 (Document 47), filed October 20, 2011 (Doc. 51).

Although Sweat's objections are untimely, the Court will consider them on the merits, because he did not receive a copy of the PFRD at the time that it was filed.[1]  In his objections, Sweat contends that Judge Lynch erred in recommending that the Court not reopen this case to consider his new argument that the Defendants violated Defendant City of Las Cruces' vehicle forfeiture ordinance and the United States Constitution by seizing his vehicle on private property.  <u>See</u> Motion in Objection to Proposed Findings and Recommended Disposition, filed October 14, 2011 (Doc. 49)("Objection to PFRD").  Sweat asserts that the Court has misconstrued his argument regarding the vehicle forfeiture ordinance in his original pleadings and that he attempted to clarify this argument by filing a motion to amend.  <u>See</u> Objection to PFRD at 3.  Yet he did not raise these arguments until after the Court entered final judgment.  <u>See</u> PFRD at 3-5.  Furthermore, many of Sweat's arguments rely on what amount to at most violations of state law, which cannot support a cause of action under 42 U.S.C. § 1983, as opposed to violations of federal law.  <u>See</u> <u>Jones v. City and Cnty. of Denver, Colo.</u>, 854 F.2d 1206, 1209 (10th Cir. 1988)("Section 1983 does not, however, provide a basis for redressing violations of <u>state</u> law, but only for those violations of federal law done under color of state law." (emphasis in original)(citing <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980)).  After conducting a <u>de novo</u> review, the Court finds that Sweat's objections lack a sound basis in the law or in the facts of the case.

On October 12, 2011, Sweat, following the filing of the PFRD, filed a Motion for Leave to File an Amended Complaint.  <u>See</u> Doc. 47.  The current motion is substantially similar to the July 2011 motion with a few additional sentences and paragraphs related to the information in the supplemental memorandum also filed in July.  <u>See</u> Motion for Leave to File an Amended Complaint,

---

[1] The Notice of Electronic Filing for Document 45 shows that the document was not delivered via the United States Postal Service to any party, confirming Sweat's assertion.

filed July 5, 2011 (Doc. 38); Motion in Support for Leave to File an Amended Complaint, July 11, 2011 (Doc. 39).  The July 2011 motion is the subject of the PFRD, and this Order addresses the October motion.  Pursuant to rule 12(f) of the Federal Rules of Civil Procedure, the Court has the authority to strike any redundant matter <u>sua</u> <u>sponte</u> or upon a motion by a party.  The Defendants have moved for the Court to strike from the record the most recent Motion for Leave to File an Amended Complaint.  <u>See</u> Motion to Strike Plaintiff's Motion for Leave to File an Amended Complaint (Document 47), filed October 20, 2011 (Doc. 51)("Motion to Strike").  Because the July motion remained pending when Sweat filed the most recent motion seeking leave to amend, the Court finds the filing of the October motion redundant and inappropriate.  Therefore, the Court grants the Defendants' Motion to Strike.

Finally, Sweat has requested the appointment of counsel.  <u>See</u> Motion for Appointment of Counsel at 1, filed October 12, 2011 (Doc. 48).  As Sweat recognizes, <u>see</u> Objection to Response for Appointment of Counsel -- Title 28 U.S.C.S. § 1915(d) at 1, filed October 31, 2011 (Doc. 56), there is no constitutional right to assistance of counsel in a civil lawsuit.  <u>See</u> <u>Macquish v. United States</u>, 844 F.2d 733, 735 (10th Cir. 1988).  In determining whether to appoint counsel, courts consider the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims.  <u>See</u> <u>Hill v. Smithkline Beecham Corp.</u>, 393 F.3d 1111, 1115 (10th Cir. 2004)(quoting <u>McCarthy v. Weinberg</u>, 753 F.2d 836, 838 (10th Cir. 1985)).  In this case, the Court entered final judgment on June 30, 2011.  <u>See</u> Final Judgment at 1 (Doc. 37).  There are no claims remaining for resolution, so there is no need to determine the merits of the claims, the complexity of the issues, or the litigant's ability to present the claims.  <u>See</u> <u>Sump v. Fingerhut, Inc.</u>, No. 01-4104, 2002 WL 1602423, at *3 (D. Kan. July 19, 2002).  There are no matters pending before this Court with which counsel could assist.

Alternatively, the Court believes that Sweat's arguments for reconsideration lack a sound basis in the law or in the facts of this case, primarily because most of his new claims or theories rely on violations of state law to support a 42 U.S.C. § 1983 action and because his constitutional vagueness challenge is unpersuasive.  Second, the issues Sweat has raised are not so complex that a failure to appoint counsel to represent him would result in fundamental unfairness.  For instance, his claims are not ones that would require expert testimony or assistance, which can counsel in favor of appointment of counsel so that the attorney can assist the litigant in presenting that evidence and locating an expert.  See Hill v. SmithKline Beecham Corp., 393 F.3d at 1115.  Lastly, Sweat has managed to present his claims to the Court in a comprehensible manner and, if he feels he needs additional assistance, can hire private counsel like other litigants that appear before the Court.  Sweat appears to be capable of investigating the facts of the case, as the contents of his filings indicate that he has significant familiarity with the facts of the case.  He does not appear to be incarcerated or otherwise face any abnormal barriers to retaining an attorney to represent him.  See McCarthy v. Weinberg, 753 F.2d at 839 (holding that a district court should have appointed counsel for a prisoner with multiple sclerosis attending court in a wheelchair who had diminished eyesight, hearing, and ability to communicate, and needed to present complex medical issues requiring expert opinion).  Accordingly, the Court will deny the motion to appoint counsel.  To the extent that Sweat seeks appellate counsel, such a request is best directed toward the United States Court of Appeals for the Tenth Circuit.

**IT IS ORDERED** that: (i) the Court will adopt the Proposed Findings and Recommended Disposition, filed September 7, 2011 (Doc. 45); (ii) the Court will deny as moot the Plaintiff's Motion for Order to Correct Rule Error on Motion for Leave to Amended [sic] Complaint, filed July 15, 2011 (Doc. 40); (iii) the Court will deny the Plaintiff's Motion for Leave to File an Amended

Complaint, filed July 5, 2011 (Doc. 38), which the Court has construed as a motion requesting reconsideration of the judgment; (iv) the Defendants' Motion to Strike Plaintiff's Motion for Leave to File an Amended Complain (Document 47), filed October 20, 2011 (Doc. 51), is granted, and thus the Court will strike as redundant Plaintiff's Motion for Leave to File an Amended Complaint, filed October 12, 2011 (Doc. 47); (v) the Court will deny the Plaintiff's Motion for Appointment of Counsel, filed October 12, 2011 (Doc. 48); and (vi) the Court will order Plaintiff Alree B. Sweat, III to cease filing motions requesting leave to file amended complaints.  This case has been closed, and Sweat may file an appeal with the Tenth Circuit if he desires.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Alree B. Sweat, III
Las Cruces, New Mexico

    *Plaintiff pro se*

William R. Babington, Jr.
Jared Abrams
Las Cruces City Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Defendants*